# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0747, <u>Appeal of William R. Davis</u>, the court on November 16, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, William R. Davis, appeals a decision of the New Hampshire Wetlands Council upholding the decision of the New Hampshire Department of Environmental Services (DES) to grant an application of the respondents, Harry Wesson and Kimberly Wesson, for a permit to construct a tidal docking structure on their property.  The dock would be 140 feet in length and would allow access to Little Bay for recreational boating.  The petitioner argues that the council erred in finding that the proposed project: (1) minimizes environmental impacts; (2) meets the standards applicable to projects in tidal wetland areas; and (3) would not unreasonably affect the value and enjoyment of his property.

RSA chapter 541 governs our review of council decisions.  <u>See</u> RSA 21-O:14, III (2020).  Under RSA 541:13 (2007), we will not set aside the council's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable.  The council's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable.  RSA 541:13.  In reviewing the council's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but, rather, to determine whether the findings are supported by competent evidence in the record.  <u>Appeal of Michele</u>, 168 N.H. 98, 105 (2015).  We review the council's rulings on issues of law <u>de</u> <u>novo</u>.  <u>Id</u>.

At the outset, we address the respondents' argument that the council lacked jurisdiction.  This argument is based upon the respondents' assertion that the petitioner's appeal from DES's decision was untimely.  Any person aggrieved by a DES decision may appeal to the council within 30 days of the date of the decision.  <u>See</u> RSA 482-A:10 (Supp. 2019); RSA 21-O:14, I-a(a) (2020).  The council found that the date of DES's decision was September 5, 2018, and that the petitioner's appeal, filed on October 5, 2018, was, therefore, timely.  Because there is evidence in the record to support the council's finding, we conclude that the council had jurisdiction.  <u>See</u> <u>Appeal of Michele,</u> 168 N.H. at 105.

The petitioner first argues that the respondents' proposed project does not minimize environmental impacts, and that there is an alternative design that would have less impact on wetlands. Wetlands regulations require an applicant to minimize unavoidable environmental impacts, and to demonstrate that the proposed project is designed to have the least impact to wetlands. See N.H. Admin. Rules, Env Wt 302.03 and Env-Wt 302.04(d)(1). The petitioner argues that his expert provided evidence that the respondents' needs could be met with a dock that is 42 feet shorter, in a location that would have less environmental impact. However, DES found the respondents' proposal to be the alternative with the least environmental impact because the dock is the shortest length necessary to keep the floats out of the mud at low tide, thereby minimizing disruption to sediments underlying the dock. The record shows that the petitioner's proposal for a shorter dock would regularly have the floats and any docked boats resting on the mud, causing a greater environmental impact. The petitioner acknowledged that his proposal would result in boats occasionally resting in the mud. We conclude that the council's findings—that the project minimizes environmental impacts and has the least impact on wetlands—are supported by the record. See Appeal of Michele, 168 N.H. at 105.

The petitioner argues that the record lacks support for the council's findings because neither DES nor the respondents introduced evidence at the hearing to rebut his expert's opinions. However, the record shows that the petitioner introduced the respondents' expert report and DES's findings as exhibits at the hearing. Moreover, the council was not compelled to accept the opinions of the petitioner's expert. See Appeal of Old Dutch Mustard Co., 166 N.H. 501, 513 (2014).

We next address the petitioner's argument that the proposed project meets the standards applicable to projects in tidal wetland areas. For projects in tidal wetland areas, applicants must demonstrate that the proposal addresses any impact to tidal flat sediment replenishment and movement of sediments along a shore. See N.H. Admin. Rules, Env-Wt 302.04(c). The proposal must also address the impact on a tidal wetland's ability to dissipate wave energy and storm surge and the impact of project runoff on salinity levels in tidal environments. See id. The respondents' expert report notes that the proposed dock will be kept at least 24 inches above the mud to protect sediments, will not "contribute to additional storm water" runoff, and "will not impede tidal flow or alter hydrology." The report also notes that the project "will have no impact on the functions and values of the adjacent tidal wetland" and "will have no impacts to currents or wave energy within surface waters." We conclude that the record supports the council's findings that the respondents' proposal meets the standards applicable to projects in tidal wetland areas. See Appeal of Michele, 168 N.H. at 105.

Finally, we address the petitioner's argument that the proposed dock infringes upon his property rights and unreasonably affects the value and enjoyment of his property. Pursuant to RSA 482-A:11, II (Supp. 2019), DES shall not issue a permit if the proposed project infringes upon the property rights or unreasonably affects the value or enjoyment of the property of abutting owners. Whether a permit infringes upon property rights or unreasonably affects the value or enjoyment of another's property is a determination of fact. Appeal of Michele, 168 N.H. at 105. The record shows that the council considered the petitioner's concerns regarding the impact of the project on his property. The council noted that the petitioner's view and privacy would be affected even by a shorter dock. The council also found the petitioner's expectation of privacy and assertion of property rights to be "overstated." The council concluded that the petitioner failed to prove that the project infringes upon his property rights or unreasonably affects the value or enjoyment of his property. We conclude that the council's findings are supported by the record and are not unjust or unreasonable. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3